UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JASON MAGNUM, DIJON SMALLWOOD
JUAN EMILIANO, TROY SWAGGERTY,
and PERRIE EUBANKS,

                     Plaintiffs,

        - against -

THE CITY OF NEW YORK, ALEJANDRO
PONCE, PATRICK HENNESSY, and
"JOHN DOE" # 1-7,

                     Defendants
-------------------------------------------------------------------x

11CV5089(PGG)

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

ECF CASE

Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, allege:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Jason Magnum, Dijon Smallwood, Juan Emiliano, Troy Swaggerty and Perrie Eubanks by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Plaintiffs Jason Magnum, Dijon Smallwood, Juan Emiliano, Troy Swaggerty and Perrie Eubanks are citizens of the Untied States who were present in front of or in the house at 1825 Anthony Avenue, Bronx, New York, on July 9, 2010, when defendants Alejandro Ponce, Patrick Hennesy and other New York City police officers descended on the house to execute a search warrant for some portion of the house, arrested Jason Magnum, Dijon Smallwood and Juan Emiliano on the porch outside the house on a false charge of possession of a single marijuana cigarette, forcibly entered Perrie Eubanks' rented room, kicked both Troy Swaggerty and Perrie Eubanks,

searched the room, and arrested Troy Swaggerty and Perrie Eubanks on false criminal charges of possession of drug paraphernalia and possession of marijuana, held plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano in custody until their arraignments on July 10, 2010, and held plaintiffs Troy Swaggerty and Perrie Eubanks in custody until their arraignments on July 11, 2010, prosecuted Jason Magnum, Dijon Smallwood and Juan Emiliano on false charges of Criminal Possession of a Marijuana in the Fifth Degree and Unlawful Possession of Marihuana, and prosecuted Troy Swaggerty and Perrie Eubanks on false charges of Criminally Using Drug Paraphernalia in the Second Degree, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana. The arrests of plaintiffs Jason Magnum, Dijon Smallwood, Juan Emiliano, Troy Swaggerty and Perrie Eubanks were the result of policies and practices adopted by defendant The City of New York (1) to arrest all persons present at the location of the execution of a search warrant and (2) to arrest individuals for possession of controlled substances without probable cause to support the arrests. The false charges against plaintiffs Jason Magnum and Dijon Smallwood were dismissed on August 25, 2010, the false charges against defendant Juan Emiliano were adjourned in contemplation of dismissal on July 11, 2007, and the false charges against Troy Swaggerty and Perrie Eubanks were dismissed on October 27, 2010.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Alejandro Ponce and Patrick Hennessy can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Jason Magnum is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Dijon Smallwood is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff Juan Emiliano is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Troy Swaggerty is a citizen of the United States who resides in the County of Bronx, City and State of New York.

9. Plaintiff Perrie Eubanks is a citizen of the United States who resides in the County of Bronx, City and State of New York.

10. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

11. At all times relevant herein, defendant The City of New York maintained a police department.

12. Defendant Alejandro Ponce is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Alejandro Ponce was acting within the scope of his employment by defendant The City of New York.

14. Defendant Patrick Hennessy is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendant Patrick Hennessy was acting within the scope of his employment by defendant The City of New York.

16. Defendants "John Doe" #1-7 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

17. At all times relevant herein, defendants "John Doe" #1-7 were acting within the scope of their employment by defendant The City of New York.

## NOTICES OF CLAIM

18. On September 27, 2010, and within 90 days of the accrual of his causes of action herein, plaintiff Jason Magnum served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

19. On September 29, 2010, and within 90 days of the accrual of his causes of action herein, plaintiff Dijon Smallwood served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

20. On October 6, 2010, and within 90 days of the accrual of his causes of action herein, plaintiff Juan Emiliano served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

21. On November 12, 2010, plaintiff Troy Swaggerty served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

22. On November 12, 2010, plaintiff Perrie Eubanks served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

23. The motion of plaintiffs Troy Swaggerty and Perrie Eubanks to extend their time to file a Notice of Claim was granted by an Order of New York Supreme Court Justice Larry S. Schachner dated December 2, 2010, which deemed the plaintiffs' Notices of Claim to have been timely served *nunc pro tunc*.

24. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

25. Plaintiffs incorporate by reference paragraphs 1 through 24 of this complaint as though the same were set forth fully herein.

26. On July 9, 2010, plaintiff Perrie Eubanks was a resident of a room on the second floor of a house located at 1825 Anthony Avenue, Bronx, New York.

27. On July 9, 2010, plaintiff Perrie Eubanks was present in his residence on the second floor of a house at 1825 Anthony Avenue, Bronx, New York.

28. On July 9, 2010, plaintiff Troy Swaggerty was lawfully present as a guest of plaintiff Perrie Eubanks in his residence on the second floor at 1825 Anthony Avenue, Bronx, New York.

29. On July 9, 2010, plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano were lawfully present on a porch at the front of the house located at 1825 Anthony Avenue, Bronx, New York, as guests of plaintiff Perrie Eubanks.

## A. THE ARREST OF THE PLAINTIFFS

30. On July 9, 2010, defendants Alejandro Ponce, Patrick Hennesy and "John Doe" #1-7 ascended to the porch at the front of the house located at 1825 Anthony Avenue, Bronx, New York.

31. Upon reaching the porch of the above described house, the defendants arrested plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano.

32. One of the individual defendants instructed plaintiff Jason Magnum to get down, kicked him in the stomach, handcuffed him and dragged him down the steps from the porch.

33. Defendant Patrick Hennessy removed the sum of $383.00 from plaintiff Jason Magnum's person.

34. One of the individual defendants pulled plaintiff Dijon Smallwood out of the chair in which he was sitting, forced him to the ground, handcuffed his wrists and brought him to the bottom of the stairs leading to the porch.

35. One of the individual defendants pushed plaintiff Juan Emiliano down, and one of the individual defendants put a knee in his back and handcuffed his wrists.

36. At the scene of the arrests, plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano were informed that they were being arrested for trespass.

37. Defendant Alejandro Ponce subsequently charged plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano with possession of a single marijuana cigarette allegedly found on the ground.

38. Plaintiff Jason Magnum was not in possession of any marijuana.

39. Plaintiff Dijon Smallwood was not in possession of any marijuana.

40. Plaintiff Juan Emiliano was not in possession of any marijuana.

41. The defendants did not have any warrant or other legal process directing or authorizing the arrest of plaintiff Jason Magnum.

42. The defendants did not have any warrant or other legal process directing or authorizing the arrest of plaintiff Dijon Smallwood.

43. The defendants did not have any warrant or other legal process directing or authorizing the arrest of plaintiff Juan Emiliano.

44. The individual defendants then entered the building at 1825 Anthony Avenue and forced their way into the rented room of plaintiff Perrie Eubanks, where this plaintiff was seated in a chair.

45. Upon entering the rented room of plaintiff Perrie Eubanks, the individual defendants arrested plaintiffs Perrie Eubanks and Troy Swaggerty on charges of Criminally Using Drug Paraphernalia, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana.

46. Plaintiff Perrie Eubanks was not using any drug paraphernalia and did not possess any marijuana.

47. Plaintiff Troy Swaggerty was not using any drug paraphernalia and did not possess any marijuana.

48. The defendants did not have any warrant or other legal process directing or authorizing the arrest of plaintiff Troy Swaggerty.

49. The defendants did not have any warrant or other legal process directing or authorizing the arrest of plaintiff Perrie Eubanks.

50. One of the individual defendants kicked plaintiff Perrie Eubanks in the face.

51. One of the individual defendants then stepped on plaintiff Perrie Eubanks' buttocks and back, immobilizing him.

52. One of the individual defendants handcuffed plaintiff Perrie Eubanks' wrists.

53. Two of the individual defendants kicked plaintiff Troy Swaggerty numerous times.

54. One of the individual defendants handcuffed plaintiff Troy Swaggerty's wrists.

55. Plaintiff Troy Swaggerty was then detained outside plaintiff Perrie Eubanks' room while the defendants searched that room.

56. Plaintiffs Jason Magnum, Dijon Smallwood, Juan Emiliano Troy Swaggerty, and Perrie Eubanks were transported to the 46th Precinct, where they were imprisoned.

57. Plaintiffs, Jason Magnum, Dijon Smallwood Juan Emiliano Troy Swaggerty, and Perrie Eubanks were subsequently transported to Bronx Central Booking, where they continued to be imprisoned.

## B. THE PROSECUTION OF THE PLAINTIFFS

58. On information and belief, on July 10, 2010, defendant Alejandro Ponce falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano had been in possession of one marijuana cigarette found on the ground outside the building at 1825 Anthony Avenue, Bronx, New York on July 9, 2010.

59. On July 10, 2010, defendant Alejandro Ponce instituted a criminal proceeding against plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano in Bronx Supreme Court, Criminal Division, accusing plaintiffs Jason Magnum, Dijon Smallwood and Juan Emiliano of the crime of Criminal Possession of Marijuana in the Fifth Degree and the violation of Unlawful Possession of Marijuana.

60. On July 10, 2010, defendants Jason Magnum and Dijon Smallwood were arraigned before a judge of Bronx Supreme Court, Criminal Division, and were released in their own recognizance.

61. On July 10, 2010, the charges against plaintiff Juan Emiliano were adjourned in contemplation of dismissal.

62. On August 25, 2010, the charges against plaintiffs Jason Magnum and Dijon Smallwood were dismissed on motion of the District Attorney.

63. On information and belief, on July 10, 2010, defendant Alejandro Ponce falsely informed an assistant district attorney in the office of the Bronx County District Attorney that plaintiffs Troy Swaggerty and Perrie Eubanks had used drug paraphernalia and had been in possession of marijuana in the building at 1825 Anthony Avenue, Bronx, New York on July 9, 2010.

64. On July 10, 2010, defendant Alejandro Ponce instituted a criminal proceeding against plaintiffs Troy Swaggerty and Perrie Eubanks in Bronx Supreme Court, Criminal Division, accusing plaintiffs Troy Swaggerty and Perrie Eubanks of the crimes of Criminally Using Drug Paraphernalia in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree, and the violation of Unlawful Possession of Marijuana.

65. On July 11, 2010, plaintiffs Troy Swaggerty and Perrie Eubanks were arraigned before a judge of Bronx Supreme Court, Criminal Division, and were released in their own recognizance.

66. On September 1, 2010, the charge against plaintiffs Troy Swaggerty and Perrie Eubanks of Criminally Using Drug Paraphernalia in the Second Degree was dismissed on motion of the District Attorney.

67. On October 27, 2010, the remaining charges against plaintiffs Troy Swaggerty and Perrie Eubanks were dismissed.

### COUNT ONE ON BEHALF OF JASON MAGNUM
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

68. Plaintiffs incorporate by reference paragraphs 1 through 67 of this complaint as though the same were set forth fully herein.

69. The seizure, detention, arrest, and imprisonment of plaintiff Jason Magnum by defendants Alejandro Ponce, Patrick Hennessy, and "John Doe" # 1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

70. The seizure, detention, arrest, and imprisonment of plaintiff Jason Magunu were made without probable cause to believe that he had committed a crime or offense.

71. The charges upon which defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 arrested plaintiff Jason Magnum were false.

72. The charges were made by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 against plaintiff Jason Magnum with knowledge that they were false.

73. Plaintiff Jason Magnum was aware of his seizure, detention, arrest and imprisonment by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7.

74. Plaintiff Jason Magnum did not consent to his seizure, detention, arrest or imprisonment.

75. As a result of the foregoing, plaintiff Jason Magnum was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

76. The seizure, detention, arrest and imprisonment of plaintiff Jason Magnum deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

77. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" # 1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Jason Magnum.

78. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 deprived plaintiff Jason Magnum of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jason Magnum on false criminal charges.

## COUNT TWO ON BEHALF OF JASON MAGNUM
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

79. Plaintiffs incorporate by reference paragraphs 1 through 78 of this complaint as though the same were set forth fully herein.

80. The defendants used excessive and unreasonable force against plaintiff Jason Magnum.

81. The level of force used by the defendants was objectively unreasonable.

82. The use of excessive force by the defendants deprived plaintiff Jason Magnum of his right to be secure in his person.

83. The defendants were acting under color of state law when they used excessive force