against plaintiff Jason Magnum.

84. The defendants deprived plaintiff Jason Magnum of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

85. As a result of the defendants' use of excessive force, plaintiff Jason Magnum sustained physical injury.

86. As a result of the defendants' use of excessive force, plaintiff Jason Magnum experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT THREE ON BEHALF OF JASON MAGNUM
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

87. Plaintiffs incorporate by reference paragraphs 1 through 86 of this Complaint as though the same were set forth fully herein.

88. The criminal charges brought by defendant Alejandro Ponce against plaintiff Jason Magnum in Bronx Supreme Court, Criminal Division, were false.

89. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Jason Magnum without probable cause to believe that plaintiff Jason Magnum committed the crime charged.

90. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Jason Magnum with knowledge that the charges were false.

91. Defendant Alejandro Ponce was acting with malice when he commenced the criminal proceeding against plaintiff Jason Magnum.

92. The criminal proceeding instituted by defendant Alejandro Ponce against plaintiff Jason Magnum was terminated in plaintiff Jason Magnum's favor.

93. Defendant Alejandro Ponce was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Jason Magnum had been in possession of a marijuana cigarette.

94. Defendant Alejandro Ponce was acting under color of state law when he commenced a criminal proceeding against plaintiff Jason Magnum in Bronx Supreme Court, Criminal Division.

95. Defendant Alejandro Ponce deprived plaintiff Jason Magnum of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jason Magnum on false criminal charges.

## COUNT FOUR ON BEHALF OF JASON MAGNUM
## SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

96. Plaintiffs incorporate by reference paragraphs 1 through 95 of this Complaint as though the same were set forth fully herein.

97. The seizure of plaintiff Jason Magnum's funds by defendant Patrick Hennessy was made without any warrant or other legal process authorizing the seizure of his funds.

98. Plaintiff Jason Magnum did not consent to the seizure of his funds.

99. Defendants Patrick Hennessy was acting under color of state law when he seized plaintiff Jason Magnum's funds.

100. Defendant Patrick Hennessy deprived plaintiff Jason Magnum of his right to be free of unlawful searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Jason Magnum's funds.

## COUNT FIVE ON BEHALF OF JASON MAGNUM
## SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

101. Plaintiffs incorporate by reference paragraphs 1 through 100 of this Complaint as though the same were set forth fully herein.

102. The seizure of plaintiff Jason Magnum's funds by defendant Patrick Hennessy deprived plaintiff Jason Magnum of his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

103. Defendant Patrick Hennessy deprived plaintiff Jason Magnum of his right not to be deprived of his property without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing plaintiff Jason Magnum's funds.

## COUNT SIX ON BEHALF OF JASON MAGNUM
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

104. Plaintiffs incorporate by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

106. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

107. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which a

search warrant is being executed, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

108. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

109. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in proper procedures for the execution of search warrants consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present during the execution of a search warrant;

(c) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of controlled substances, marijuana or other contraband consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(d) Defendant The City of New York encouraged or permitted police officers executing search warrants to arrest all persons present at the premises being searched regardless of the absence of probable cause for such arrests.

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of

individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present during the execution of search warrants where probable cause for an arrest did not exist;

(h) Defendant The City of New York failed to discipline police officers for making warrantless arrests without probable cause.

110. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

111. The arrest, subjection to excessive force, imprisonment and prosecution of plaintiff Jason Magnum on false criminal charges and the seizure of his property resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

112. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present at premises in which a search warrant is being executed.

113. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

114. Defendant The City of New York deprived plaintiff Jason Magnum of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42

U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for arrests during the execution of search warrants and the standards of probable cause for warrantless arrests.

115. The aforesaid conduct of defendant The City of New York violated plaintiff Jason Magnum's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT SEVEN ON BEHALF OF JASON MAGNUM
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

116. Plaintiffs incorporate by reference paragraphs 1 through 115 of this Complaint as though the same were set forth fully herein.

117. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Alejandro Ponce and Patrick Hennessy are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

118. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

119. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

120. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into

contact.

121. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jason Magnum would be violated.

122. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jason Magnum.

123. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

124. Defendant The City of New York deprived plaintiff Jason Magnum of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT ON BEHALF OF JASON MAGNUM
## ASSAULT AND BATTERY

125. Plaintiffs incorporate by reference paragraphs 1 through 124 of this Complaint as though the same were set forth fully herein.

126. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and the City of New York committed an assault and battery on the person of plaintiff Jason Magnum in the course

of kicking, seizing, arresting, handcuffing and dragging the plaintiff down a flight of stairs.

127. As a result of the foregoing, plaintiff Jason Magnum was injured.

128. As a result of the foregoing, plaintiff Jason Magnum experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT NINE ON BEHALF OF JASON MAGNUM
### CONVERSION OF HIS FUNDS

129. Plaintiffs incorporate by reference paragraphs 1 through 128 of this Complaint as though the same were set forth fully herein.

130. The sum of $383.00 which defendant Patrick Hennessy removed from the person of plaintiff Jason Magnum were the property of plaintiff Jason Magnum.

131. Defendants Patrick Hennessy and The City of New York deprived plaintiff Jason Magnum of his funds by seizing them from him.

132. Plaintiff Jason Magnum is entitled to the return of the sum of $383.00 taken from him, with interest from the 9th day of July, 2010.

### COUNT TEN ON BEHALF OF JASON MAGNUM
### COMMON LAW FALSE IMPRISONMENT

133. Plaintiffs incorporate by reference paragraphs 1 through 132 of this Complaint as though the same were set forth fully herein.

134. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and The City of New York falsely imprisoned plaintiff Jason Magnum by seizing, detaining, arresting and imprisoning him on false criminal charges.

135. As a result of the foregoing, plaintiff Jason Magnum was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

## COUNT ELEVEN ON BEHALF OF JASON MAGNUM
## COMMON LAW MALICIOUS PROSECUTION

136. Plaintiffs incorporate by reference paragraphs 1 through 135 of this Complaint as though the same were set forth fully herein.

137. Defendants Alejandro Ponce and The City of New York maliciously prosecuted plaintiff Jason Magnum on false criminal charges of Criminal Possession of Marijuana in the Fifth Degree and Possession of Marijuana.

138. As a result of the criminal proceeding instituted by defendants Alejandro Ponce and The City of New York, plaintiff Jason Magnum was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT TWELVE ON BEHALF OF DIJON SMALLWOOD
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

139. Plaintiffs incorporate by reference paragraphs 1 through 138 of this complaint as though the same were set forth fully herein.

140. The seizure, detention, arrest, and imprisonment of plaintiff Dijon Smallwood by defendants Alejandro Ponce, Patrick Hennessy, and "John Doe" # 1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

141. The seizure, detention, arrest, and imprisonment of plaintiff Dijon Smallwood were made without probable cause to believe that he had committed a crime or offense.

142. The charges upon which defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 arrested plaintiff Dijon Smallwood were false.

143. The charges were made by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 against plaintiff Dijon Smallwood with knowledge that they were false.

144. Plaintiff Dijon Smallwood was aware of his seizure, detention, arrest and imprisonment by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7.

145. Plaintiff Dijon Smallwood did not consent to his seizure, detention, arrest or imprisonment.

146. As a result of the foregoing, plaintiff Dijon Smallwood was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

147. The seizure, detention, arrest and imprisonment of plaintiff Dijon Smallwood deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

148. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" # 1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Dijon Smallwood.

149. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 deprived plaintiff Dijon Smallwood of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Dijon Smallwood on false criminal charges.

### COUNT THIRTEEN ON BEHALF OF DIJON SMALLWOOD
### USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

150. Plaintiffs incorporate by reference paragraphs 1 through 149 of this complaint as though the same were set forth fully herein.

151. The defendants used excessive and unreasonable force against plaintiff Dijon Smallwood.

152. The level of force used by the defendants was objectively unreasonable.

153. The use of excessive force by the defendants deprived plaintiff Dijon Smallwood of his right to be secure in his person.

154. The defendants were acting under color of state law when they used excessive force against plaintiff Dijon Smallwood.

155. The defendants deprived plaintiff Dijon Smallwood of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

156. As a result of the defendants' use of excessive force, plaintiff Dijon Smallwood sustained physical injury.

157. As a result of the defendants' use of excessive force, plaintiff Dijon Smallwood experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT FOURTEEN ON BEHALF OF DIJON SMALLWOOD
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

158. Plaintiffs incorporate by reference paragraphs 1 through 157 of this Complaint as though the same were set forth fully herein.

159. The criminal charges brought by defendant Alejandro Ponce against plaintiff Dijon Smallwood in Bronx Supreme Court, Criminal Division, were false.

160. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Dijon Smallwood without probable cause to believe that plaintiff Dijon Smallwood had committed the crimes charged.

161. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff