Dijon Smallwood with knowledge that the charges were false.

162. Defendant Alejandro Ponce was acting with malice when he commenced the criminal proceeding against plaintiff Dijon Smallwood.

163. The criminal proceeding instituted by defendant Alejandro Ponce against plaintiff Dijon Smallwood was terminated in plaintiff Dijon Smallwood's favor.

164. Defendant Alejandro Ponce was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Dijon Smallwood had been in possession of a marijuana cigarette.

165. Defendant Alejandro Ponce was acting under color of state law when he commenced a criminal proceeding against plaintiff Dijon Smallwood in Bronx Supreme Court, Criminal Division.

166. Defendant Alejandro Ponce deprived plaintiff Dijon Smallwood of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Dijon Smallwood on false criminal charges.

## COUNT FIFTEEN ON BEHALF OF DIJON SMALLWOOD
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

167. Plaintiffs incorporate by reference paragraphs 1 through 166 of this Complaint as though the same were set forth fully herein.

168. The arrest, subjection to excessive force, imprisonment and prosecution of plaintiff Dijon Smallwood on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

169. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present at premises in which a search warrant is being executed.

170. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

171. Defendant The City of New York deprived plaintiff Dijon Smallwood of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for arrests during the execution of search warrants and the standards of probable cause for warrantless arrests.

172. The aforesaid conduct of defendant The City of New York violated plaintiff Dijon Smallwood's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT SIXTEEN ON BEHALF OF DIJON SMALLWOOD
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

173. Plaintiffs incorporate by reference paragraphs 1 through 172 of this Complaint as though the same were set forth fully herein.

174. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

175. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Dijon Smallwood would be violated.

176. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Dijon Smallwood.

177. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

178. Defendant The City of New York deprived plaintiff Dijon Smallwood of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVENTEEN ON BEHALF OF DIJON SMALLWOOD
## ASSAULT AND BATTERY

179. Plaintiffs incorporate by reference paragraphs 1 through 178 of this Complaint as though the same were set forth fully herein.

180. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and the City of New York committed an assault and battery on the person of plaintiff Dijon Smallwood in the course of pulling him out of a chair, forcing him to the ground, handcuffing his wrists and bringing him to the bottom of the porch stairs.

181. As a result of the foregoing, plaintiff Dijon Smallwood was injured.

182. As a result of the foregoing, plaintiff Dijon Smallwood experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT EIGHTEEN ON BEHALF OF DIJON SMALLWOOD
### COMMON LAW FALSE IMPRISONMENT

183. Plaintiffs incorporate by reference paragraphs 1 through 182 of this Complaint as though the same were set forth fully herein.

184. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and The City of New York falsely imprisoned plaintiff Dijon Smallwood by seizing, detaining, arresting and imprisoning him on false criminal charges.

185. As a result of the foregoing, plaintiff Dijon Smallwood was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

### COUNT NINETEEN ON BEHALF OF DIJON SMALLWOOD
### COMMON LAW MALICIOUS PROSECUTION

186. Plaintiffs incorporate by reference paragraphs 1 through 185 of this Complaint as though the same were set forth fully herein.

187. Defendants Alejandro Ponce and The City of New York maliciously prosecuted plaintiff Dijon Smallwood on false criminal charges of Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

188. As a result of the criminal proceeding instituted by defendants Alejandro Ponce and The City of New York, plaintiff Dijon Smallwood was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT TWENTY ON BEHALF OF JUAN EMILIANO
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

189. Plaintiffs incorporate by reference paragraphs 1 through 188 of this complaint as though the same were set forth fully herein.

190. The seizure, detention, arrest, and imprisonment of plaintiff Juan Emiliano by defendants Alejandro Ponce, Patrick Hennessy, and "John Doe" # 1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

191. The seizure, detention, arrest, and imprisonment of plaintiff Juan Emiliano were made without probable cause to believe that he had committed a crime or offense.

192. The charges upon which defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 arrested plaintiff Juan Emiliano were false.

193. The charges were made by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 against plaintiff Juan Emiliano with knowledge that they were false.

194. Plaintiff Juan Emiliano was aware of his seizure, detention, arrest and imprisonment by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7.

195. Plaintiff Juan Emiliano did not consent to his seizure, detention, arrest or imprisonment.

196. As a result of the foregoing, plaintiff Juan Emiliano was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

197. The seizure, detention, arrest and imprisonment of plaintiff Juan Emiliano deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

198. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" # 1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Juan Emiliano.

199. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 deprived plaintiff Juan Emiliano of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Juan Emiliano on false criminal charges.

## COUNT TWENTY-ONE ON BEHALF OF JUAN EMILIANO
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

200. Plaintiffs incorporate by reference paragraphs 1 through 199 of this complaint as though the same were set forth fully herein.

201. The defendants used excessive and unreasonable force against plaintiff Juan Emiliano.

202. The level of force used by the defendants was objectively unreasonable.

203. The use of excessive force by the defendants deprived plaintiff Juan Emiliano of his right to be secure in his person.

204. The defendants were acting under color of state law when they used excessive force against plaintiff Juan Emiliano.

205. The defendants deprived plaintiff Juan Emiliano of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

206. As a result of the defendants' use of excessive force, plaintiff Juan Emiliano sustained physical injury.

207. As a result of the defendants' use of excessive force, plaintiff Juan Emiliano experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT TWENTY-TWO ON BEHALF OF JUAN EMILIANO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

208. Plaintiffs incorporate by reference paragraphs 1 through 207 of this Complaint as though the same were set forth fully herein.

209. The arrest, subjection to excessive force, and imprisonment of plaintiff Juan Emiliano on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

210. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present at premises in which a search warrant is being executed.

211. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

212. Defendant The City of New York deprived plaintiff Juan Emiliano of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for arrests during the execution of search warrants and the standards of probable cause for warrantless arrests.

213. The aforesaid conduct of defendant The City of New York violated Plaintiff Juan Emiliano's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT TWENTY-THREE ON BEHALF OF JUAN EMILIANO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

214. Plaintiffs incorporate by reference paragraphs 1 through 213 of this Complaint as though the same were set forth fully herein.

215. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

216. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Juan Emiliano would be violated.

217. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Juan Emiliano.

218. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

219. Defendant The City of New York deprived plaintiff Juan Emiliano of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy,

practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT TWENTY-FOUR ON BEHALF OF JUAN EMILIANO
### ASSAULT AND BATTERY

220. Plaintiffs incorporate by reference paragraphs 1 through 219 of this Complaint as though the same were set forth fully herein.

221. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and the City of New York committed an assault and battery on the person of plaintiff Juan Emiliano in the course of pushing him down, putting a knee in his back and handcuffing his wrists.

222. As a result of the foregoing, plaintiff Juan Emiliano was injured.

223. As a result of the foregoing, plaintiff Juan Emiliano experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT TWENTY-FIVE ON BEHALF OF JUAN EMILIANO
### COMMON LAW FALSE IMPRISONMENT

224. Plaintiffs incorporate by reference paragraphs 1 through 223 of this Complaint as though the same were set forth fully herein.

225. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and The City of New York falsely imprisoned plaintiff Juan Emiliano by seizing, detaining, arresting and imprisoning him on false criminal charges.

226. As a result of the foregoing, plaintiff Juan Emiliano was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

### COUNT TWENTY-SIX ON BEHALF OF TROY SWAGGERTY
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

227. Plaintiffs incorporate by reference paragraphs 1 through 226 of this complaint as

though the same were set forth fully herein.

228. The seizure, detention, arrest, and imprisonment of plaintiff Troy Swaggerty by defendants Alejandro Ponce, Patrick Hennessy, and "John Doe" # 1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

229. The seizure, detention, arrest, and imprisonment of plaintiff Troy Swaggerty were made without probable cause to believe that he had committed a crime or offense.

230. The charges upon which defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 arrested plaintiff Troy Swaggerty were false.

231. The charges were made by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 against plaintiff Troy Swaggerty with knowledge that they were false.

232. Plaintiff Troy Swaggerty was aware of his seizure, detention, arrest and imprisonment by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7.

233. Plaintiff Troy Swaggerty did not consent to his seizure, detention, arrest or imprisonment.

234. As a result of the foregoing, plaintiff Troy Swaggerty was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

235. The seizure, detention, arrest and imprisonment of plaintiff Troy Swaggerty deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

236. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" # 1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Troy

Swaggerty.

237. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 deprived plaintiff Troy Swaggerty of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Troy Swaggerty on false criminal charges.

## COUNT TWENTY-SEVEN ON BEHALF OF TROY SWAGGERTY
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

238. Plaintiffs incorporate by reference paragraphs 1 through 237 of this complaint as though the same were set forth fully herein.

239. The defendants used excessive and unreasonable force against plaintiff Troy Swaggerty.

240. The level of force used by the defendants was objectively unreasonable.

241. The use of excessive force by the defendants deprived plaintiff Troy Swaggerty of his right to be secure in his person.

242. The defendants were acting under color of state law when they used excessive force against plaintiff Troy Swaggerty.

243. The defendants deprived plaintiff Troy Swaggerty of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

244. As a result of the defendants' use of excessive force, plaintiff Troy Swaggerty sustained physical injury.

245. As a result of the defendants' use of excessive force, plaintiff Troy Swaggerty experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TWENTY-EIGHT ON BEHALF OF TROY SWAGGERTY
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

246. Plaintiffs incorporate by reference paragraphs 1 through 245 of this Complaint as though the same were set forth fully herein.

247. The criminal charges brought by defendant Alejandro Ponce against plaintiff Troy Swaggerty in Bronx Supreme Court, Criminal Division, were false.

248. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Troy Swaggerty with knowledge that the charges were false.

249. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Troy Swaggerty without probable cause to believe that plaintiff Troy Swaggerty had committed the crimes charged.

250. Defendant Alejandro Ponce was acting with malice when he commenced the criminal proceeding against plaintiff Troy Swaggerty.

251. The criminal proceeding instituted by defendant Alejandro Ponce against plaintiff Troy Swaggerty was terminated in plaintiff Troy Swaggerty's favor.

252. Defendant Alejandro Ponce was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Troy Swaggerty used drug paraphernalia and had been in possession of marijuana.

253. Defendant Alejandro Ponce was acting under color of state law when he commenced a criminal proceeding against plaintiff Troy Swaggerty in Bronx Supreme Court, Criminal Division.