254. Defendant Alejandro Ponce deprived plaintiff Troy Swaggerty of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Troy Swaggerty on false criminal charges.

### COUNT TWENTY-NINE ON BEHALF OF TROY SWAGGERTY
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

255. Plaintiffs incorporate by reference paragraphs 1 through 254 of this Complaint as though the same were set forth fully herein.

256. The arrest, subjection to excessive force, imprisonment and prosecution of plaintiff Troy Swaggerty on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

257. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

258. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

259. Defendant The City of New York deprived plaintiff Troy Swaggerty of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its

police officers in the standards for arrests during the execution of search warrants and the standards for probable cause for warrantless arrests.

260. The aforesaid conduct of defendant The City of New York violated Plaintiff Troy Swaggerty's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT THIRTY ON BEHALF OF TROY SWAGGERTY
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

261. Plaintiffs incorporate by reference paragraphs 1 through 260 of this Complaint as though the same were set forth fully herein.

262. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

263. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Troy Swaggerty would be violated.

264. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Troy Swaggerty.

265. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

266. Defendant The City of New York deprived plaintiff Troy Swaggerty of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property

without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT THIRTY-ONE ON BEHALF OF TROY SWAGGERTY
### ASSAULT AND BATTERY

267. Plaintiffs incorporate by reference paragraphs 1 through 266 of this Complaint as though the same were set forth fully herein.

268. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and the City of New York committed an assault and battery on the person of plaintiff Troy Swaggerty in the course of kicking plaintiff Troy Swaggerty numerous times and placing handcuffs on his wrists.

269. As a result of the foregoing, plaintiff Troy Swaggerty was injured.

270. As a result of the foregoing, plaintiff Troy Swaggerty experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT THIRTY-TWO ON BEHALF OF TROY SWAGGERTY
### COMMON LAW FALSE IMPRISONMENT

271. Plaintiffs incorporate by reference paragraphs 1 through 270 of this Complaint as though the same were set forth fully herein.

272. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and The City of New York falsely imprisoned plaintiff Troy Swaggerty by seizing, detaining, arresting and imprisoning him on false criminal charges.

273. As a result of the foregoing, plaintiff Troy Swaggerty was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was

subjected to embarrassment and humiliation.

### COUNT THIRTY-THREE ON BEHALF OF TROY SWAGGERTY
### COMMON LAW MALICIOUS PROSECUTION

274. Plaintiffs incorporate by reference paragraphs 1 through 273 of this Complaint as though the same were set forth fully herein.

275. Defendants Alejandro Ponce and The City of New York maliciously prosecuted plaintiff Troy Swaggerty on false criminal charges of Criminally Using Drug Paraphernalia in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree.

276. As a result of the criminal proceeding instituted by defendants Alejandro Ponce and The City of New York, plaintiff Troy Swaggerty was greatly humiliated, was subjected to mental and physical distress and exposed to public ridicule, scorn, humiliation and embarrassment.

### COUNT THIRTY-FOUR ON BEHALF OF PERRIE EUBANKS
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

277. Plaintiffs incorporate by reference paragraphs 1 through 276 of this complaint as though the same were set forth fully herein.

278. The seizure, detention, arrest, and imprisonment of plaintiff Perrie Eubanks by defendants Alejandro Ponce, Patrick Hennessy, and "John Doe" # 1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

279. The seizure, detention, arrest, and imprisonment of plaintiff Perrie Eubanks were made without probable cause to believe that he had committed a crime or offense.

280. The charges upon which defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 arrested plaintiff Perrie Eubanks were false.

281. The charges were made by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 against plaintiff Perrie Eubanks with knowledge that they were false.

282. Plaintiff Perrie Eubanks was aware of his seizure, detention, arrest and imprisonment by defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7.

283. Plaintiff Perrie Eubanks did not consent to his seizure, detention, arrest or imprisonment.

284. As a result of the foregoing, plaintiff Perrie Eubanks was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

285. The seizure, detention, arrest and imprisonment of plaintiff Perrie Eubanks deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

286. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" # 1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Perrie Eubanks.

287. Defendants Alejandro Ponce, Patrick Hennessy and "John Doe" #1-7 deprived plaintiff Perrie Eubanks of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Perrie Eubanks on false criminal charges.

### COUNT THIRTY-FIVE ON BEHALF OF PERRIE EUBANKS
### USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

288. Plaintiffs incorporate by reference paragraphs 1 through 287 of this complaint as though the same were set forth fully herein.

289. The defendants used excessive and unreasonable force against plaintiff Perrie Eubanks.

290. The level of force used by the defendants was objectively unreasonable.

291. The use of excessive force by the defendants deprived plaintiff Perrie Eubanks of his right to be secure in his person.

292. The defendants were acting under color of state law when they used excessive force against plaintiff Perrie Eubanks.

293. The defendants deprived plaintiff Perrie Eubanks of his right to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

294. As a result of the defendants' use of excessive force, plaintiff Perrie Eubanks sustained physical injury.

295. As a result of the defendants' use of excessive force, plaintiff Perrie Eubanks experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT THIRTY-SIX ON BEHALF OF PERRIE EUBANKS
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

296. Plaintiffs incorporate by reference paragraphs 1 through 295 of this Complaint as though the same were set forth fully herein.

297. The criminal charges brought by defendant Alejandro Ponce against plaintiff Perrie Eubanks in Bronx Supreme Court, Criminal Division, were false.

298. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Perrie Eubanks with knowledge that the charges were false.

299. Defendant Alejandro Ponce instituted the criminal proceeding against plaintiff Perrie Eubanks without probable cause to believe that plaintiff Perrie Eubanks had committed a

crime.

300. Defendant Alejandro Ponce was acting with malice when he commenced the criminal proceeding against plaintiff Perrie Eubanks.

301. The criminal proceeding instituted by defendant Alejandro Ponce against plaintiff Perrie Eubanks was terminated in plaintiff Perrie Eubanks' favor.

302. Defendant Alejandro Ponce was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Perrie Eubanks used drug paraphernalia and had been in possession of marijuana.

303. Defendant Alejandro Ponce was acting under color of state law when he commenced a criminal proceeding against plaintiff Perrie Eubanks in Bronx Supreme Court, Criminal Division.

304. Defendant Alejandro Ponce deprived plaintiff Perrie Eubanks of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Perrie Eubanks on false criminal charges.

## COUNT THIRTY-SEVEN ON BEHALF OF PERRIE EUBANKS
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

305. Plaintiffs incorporate by reference paragraphs 1 through 304 of this Complaint as though the same were set forth fully herein.

306. The arrest, subjection to excessive force, imprisonment and prosecution of plaintiff Perrie Eubanks on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

307. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

308. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

309. Defendant The City of New York deprived plaintiff Perrie Eubanks of his rights to be free of unlawful searches and seizures, to be secure in his person, and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for arrests during the execution of search warrants and the standards of probable cause for warrantless arrests.

310. The aforesaid conduct of defendant The City of New York violated plaintiff Perrie Eubanks' rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT THIRTY-EIGHT ON BEHALF OF PERRIE EUBANKS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

311. Plaintiffs incorporate by reference paragraphs 1 through 310 of this Complaint as though the same were set forth fully herein.

312. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

313. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Perrie Eubanks would be violated.

314. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Perrie Eubanks.

315. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

316. Defendant The City of New York deprived plaintiff Perrie Eubanks of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT THIRTY-NINE ON BEHALF OF PERRIE EUBANKS
### ASSAULT AND BATTERY

317. Plaintiffs incorporate by reference paragraphs 1 through 316 of this Complaint as though the same were set forth fully herein.

318. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and the City of New York committed an assault and battery on the person of plaintiff Perrie Eubanks in the course of kicking the plaintiff, stepping on his buttocks and back, and handcuffing his wrists.

319. As a result of the foregoing, plaintiff Perrie Eubanks was injured.

320. As a result of the foregoing, plaintiff Perrie Eubanks experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT FORTY ON BEHALF OF PERRIE EUBANKS
### COMMON LAW FALSE IMPRISONMENT

321. Plaintiffs incorporate by reference paragraphs 1 through 320 of this Complaint as though the same were set forth fully herein.

322. Defendants Alejandro Ponce, Patrick Hennessy, "John Doe" #1-7 and The City of New York falsely imprisoned plaintiff Perrie Eubanks by seizing, detaining, arresting and imprisoning him on false criminal charges.

323. As a result of the foregoing, plaintiff Perrie Eubanks was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

### COUNT FORTY-ONE ON BEHALF OF PERRIE EUBANKS
### COMMON LAW MALICIOUS PROSECUTION

324. Plaintiffs incorporate by reference paragraphs 1 through 323 of this Complaint as though the same were set forth fully herein.

325. Defendants Alejandro Ponce and The City of New York maliciously prosecuted plaintiff Perrie Eubanks on false criminal charges of Criminally Using Drug Paraphernalia in the Second Degree and Criminal Possession of Marijuana in the Fifth Degree.

326. As a result of the criminal proceeding instituted by defendants Alejandro Ponce and The City of New York, plaintiff Perrie Eubanks was greatly humiliated, was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
July 22, 2011

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880